UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DENA WINSLOW, et al., | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) 1:13-cv-00032-DBH |
| | ) |
| LEARNING DISABILITIES | ) |
| ASSOCIATION OF MAINE, | ) |
| | ) |
| Defendant | ) |

**ORDER**

On May 24, 2013, the defendant in this employment discrimination lawsuit filed a motion for leave to amend its answer and a motion for a temporary restraining order/preliminary injunction. The genesis of the current motion practice arose shortly after May 13, 2013, when counsel for the plaintiffs, two former employees of the defendant, produced over 3000 documents in response to a discovery request. In short order the defendant's counsel discovered that many of the documents were what are alleged to be the property of the defendant that the plaintiffs were not authorized to remove from the defendant's premises or to copy. Some of the documents include confidential personnel records of third parties. I scheduled a discovery conference with the parties and obtained an agreement that the documents would be treated as confidential for purposes of discovery and that eventually the dispute might be narrowed to a limited number of documents and might only involve one of the plaintiffs. Based upon the consent confidentiality order being put in place, counsel for the defendant agreed to withdraw his request for an immediate temporary restraining order and to allow the discovery process to unfold. The parties have now briefed the motion for leave to amend the answer and the motion for a preliminary injunction. I grant the motion to amend in part and terminate the motion for a

preliminary injunction until further discovery has occurred and the universe of documents in dispute has been substantially narrowed.

*Motion to Amend Answer*

The defendant seeks to amend its answer by adding a counterclaim consisting of four substantive counts and a count which seeks injunctive relief. The four substantive counts originally proposed by the defendant consisted of the following: (1) count I – breach of common law and statutory fiduciary duty against Dena Winslow, former executive director; (2) count II – conversion against Dena Winslow and Yolanda Vaugh; (3) count III – unjust enrichment against Winslow and Vaughn; (4) count IV – invasion of privacy against Winslow and Vaughn. In its reply memorandum the defendant concedes that count IV would be deemed futile on its merits, given the defendant's status as a corporate entity, and agrees to withdraw that proposed count. (Reply at 4, ECF No. 29.) The defendant also concedes that it currently has no evidence that either plaintiff/proposed counterclaim defendant was unjustly enriched as a result of the retention or use of these records, but it maintains nevertheless that its third count does state a claim for unjust enrichment sufficient to pass the legal standard of "futility." (Id. at 7.)

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, prior to trial a party may amend his pleading once, as a matter of course at the outset of litigation, but may only amend the pleading further with the opposing party's consent or with leave of court. Fed. R. Civ. P. 15(a). When leave of court is called for, the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). See also Foman v. Davis, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment,

2

etc.—the leave sought should, as the rules require, be 'freely given.'"). Among the instances when leave to amend need not be allowed is when the proposed amendment would be futile. Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990) ("Where an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters."). This standard is not difficult to meet, but it "becomes compounded with a higher standard" after the court's scheduling order deadline for amendment of the pleadings has expired. El-Hajj v. Fortis Benefits Ins. Co., 156 F. Supp. 2d 27, 34 (D. Me. 2001).

Under Rule 16: "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16's good cause requirement is designed to ensure that the pleadings become fixed at some point in time. Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F.3d 315, 327 (1st Cir. 2008). "[L]iberally granting motions to amend the pleadings—filed after a party has disregarded the scheduling order deadline—would effectively 'nullify the purpose of Rule 16(b)(1).'" O'Connell v. Hyatt Hotels, 357 F.3d 152, 155 (1st Cir. 2004) (quoting Riofrio Anda v. Ralston Purina Co., 959 F.2d 1149, 1155 (1st Cir. 1992)).

The good cause standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004). "Prejudice to the opposing party remains relevant but is not the dominant criterion." O'Connell, 357 F.3d at 155. "Regardless of the context, the longer a plaintiff delays, the more likely the motion to amend will be denied[.]" Steir, 383 F.3d at 12.

In the present case, even though the scheduling order fixed April 30, 2013, as the date for amendment of pleadings the defendant has met the good cause standard. Although the parties were experiencing discovery issues prior to the production of the 3000 documents in early May, they had never approached the court to obtain any resolution. Once the defendant received the

3

documents, it acted promptly to try to resolve the dispute informally and then forthwith filed the motion to amend.  Contrary to the plaintiff's suggestion, and of decidedly lesser significance, is the reality that discovery has recently been extended already and any further delay occasioned by this amendment can be addressed if the need arises.  Given the plaintiffs' relative inaction during the initial phase of discovery, there is little to no actual prejudice in granting the amendment.  The proposed amendments should be allowed, provided they are not futile.

Count I of the revised proposed amended counterclaim would delete any reference to the alleged breach of a statutory duty as defendant concedes that Winslow, the only individual against whom the count was brought, was an employee and not a director and thus would not fall within the statutory prohibition found at 13-B M.R.S. § 717.  I can ascertain no impediment to allowing this count to go forward as an alleged breach of a common law duty owed by the executive director to her employer.  If, as Winslow contends, such an action cannot be maintained against a *mere* employee, the count may ultimately be dismissed on a summary judgment record, but at this juncture, without a factual record, I am unable to make that determination.

According to plaintiffs/proposed counterclaim defendants, the revised proposed counterclaim count II, alleging conversion against both Winslow and Vaughn, fails because documents are not property in the sense of chattels and thus the claim cannot arise for taking documents.  Additionally, Winslow and Vaughn argue that they only took copies, though the proposed counterclaim alleges property including copies *and* confidential documents.  (ECF No. 29-6, ¶ 25.)  Maine law supports Winslow and Vaughn.  Northeast Coating Techs., Inc. v. Vacuum Metallurgical Co., 684 A.2d 1322, 1324 (1996) (affirming entry of summary judgment against claim that unauthorized distribution and use of information in a stock prospectus

amounted to a conversion); Residential Mortg. Servs., Inc. v. Dauphine, No. CV-07-359, 2009 Me. Super. Lexis 43 (Me. Super. Ct., Cum. Cty., Mar. 23, 2009) (Warren, J.) (entering summary judgment against claim that retention of customer lists and other documents amounted to conversion). Proposed counterclaim count II is futile and the amendment should not be allowed on the ground of futility.

Count III is a claim for unjust enrichment against Winslow and Vaughn. I am hard pressed to comprehend how either plaintiff was unjustly enriched by these copies and documents. There is no factual, nonconclusory allegation that these documents conferred any pecuniary benefit on either of them nor is it easy to imagine how they might have pecuniary worth to either Winslow or Vaughn, even if the documents have considerable intrinsic value to the Learning Disabilities Association. The defendant speculates that discovery might unearth a manner and means by which one or both of the original plaintiffs were unjustly enriched by these documents. In my view that speculation is too slender a reed to support a viable complaint under the Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007), pleading standard. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). If indeed an as yet unimagined basis for a claim of unjust enrichment arises during discovery, the defendant could renew a motion to amend with some factual predicate attached and a reasoned determination about whether a claim is stated could then be made.

Proposed Count IV has been withdrawn.

The entry will be: Motion to Amend Answer/Counterclaim is granted in part. An amended answer/counterclaim, consisting of a revised count I only and a modified request for injunctive relief, conforming to this order shall be filed forthwith by the defendant.

*Motion for a Preliminary Injunction*

I am not issuing any recommendation in regard to the preliminary injunction motion at this time because I am satisfied that the entry of the consent confidentiality order insures that neither party is about to suffer irreparable injury as a result of this contretemps over the documents.  I am further satisfied that without additional discovery and clarification of the issues, the defendant/proposed counterclaim plaintiff is unable to establish a likelihood of success on the merits against Winslow on the one substantive count which I have allowed to proceed on the counterclaim.  This claim, based on the information currently available, would not support the issuance of an injunction requiring the "return" of all copies of all documents, some of which might legitimately be in either Winslow or Vaughn's possession for the purposes of this litigation.  Therefore the entry will be that the motion for a preliminary injunction is terminated, subject to the defendant/proposed counterclaim plaintiff's right to proceed with a counterclaim that requests permanent injunctive relief commiserate with the claim and the right to refile a new motion for a preliminary injunction after further discovery, if it is able to show that such preliminary relief is necessary even in light of the consent confidentiality order.  Hopefully the destruction or return of those specific irrelevant and/or privileged documents which have been identified by the defendant will be accomplished in short order pursuant to the discovery orders I have already entered.  In the event the defendant/proposed counterclaim plaintiff believes an earlier hearing on a motion for preliminary injunction is needed after it has completed preliminary discovery, it may refile such a motion, narrowly targeted to the claims raised in its amended answer/counterclaim and accordingly directed at the appropriate defendant(s).  I note however that much of the injunctive relief requested in the prayer for relief

attached to the counterclaim has either been addressed in my previous discovery orders or can be addressed in the context of specific discovery disputes concerning the documents.

The entry will be: Motion for Preliminary Injunction terminated without prejudice to defendant's right to refile that motion if the factual predicates necessitating injunctive relief arise prior to the final resolution of the case.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

*So Ordered.*
June 20, 2013                         /s/ Margaret J. Kravchuk
                                      U.S. Magistrate Judge