UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| DENA WINSLOW, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:13-cv-00032-DBH |
| | ) | |
| LEARNING DISABILITIES | ) | |
| ASSOCIATION OF MAINE, | ) | |
| | ) | |
| Defendant | ) | |

ORDER ON MOTION FOR RECONSIDERATION,
ORDER ON MOTION TO DISMISS and
AMENDED ORDER re. DEFENDANT's MOTION TO AMEND

On June 20, 2013, I issued an amended order on the defendant's motion for leave to amend its answer to assert counterclaims and its motion for a temporary restraining order/preliminary injunction. (Amended Order, ECF No. 33.)  In the amended order I denied the defendant leave to assert a counterclaim of conversion based on an assessment that the proposed claim was futile.  (Id. at 4-5.)  I also denied and terminated the defendant's motion for preliminary injunction without prejudice to the defendant's right to refile.  (Id. at 6-7.)  No appeal was ever taken from that order.  The defendant now requests that I reconsider my disposition on these two issues.  (Motion for Reconsideration, ECF No. 36.)  The plaintiffs have filed a motion requesting that I dismiss the counterclaim the defendants did file because the counterclaim, they say, does not conform to the permission granted in the aforementioned amended order.  (Motion to Dismiss Counterclaim, ECF No. 35.)  The defendant's motion is granted, in part, and the June 20, 2013, order on their motion to amend is amended as explained below.  The defendant shall file a third amended answer and counterclaim by August 16, 2013.  In light of this development, the plaintiffs' "motion to dismiss" is construed as a further objection to the defendant's motion to amend and is denied as moot.  The defendant's motion for reconsideration is granted only in part, however, because leave is not granted to the defendant to include a preliminary injunction style

"count" in its proposed counterclaim.  The defendant may request injunctive relief in its plea for relief

and, if the defendant believes that preliminary injunctive relief is necessary at this juncture, it shall pursue

such relief by means of a new motion as I indicated in my earlier order.  The parties have made this entire

process of settling the pleadings entirely too complicated.  If the defendant/counterclaim plaintiff truly

believes preliminary injunctive relief is necessary in this case, it must file a motion for a preliminary

injunction that conforms to Rule 65 of the Federal Rules of Civil Procedure.  If, as I believe we agreed

during an earlier telephone conference, any injunctive relief outside of the normal protective orders issued

pursuant to discovery disputes is required in the ultimate resolution of this counterclaim, it can be

addressed when the merits of the counterclaim are finally resolved.  It appears to me at this juncture that a

separate hearing on a motion for a preliminary injunction would involve an unnecessary expenditure of

the parties' resources as well as the court's.

## A.      Motion for Reconsideration (ECF No. 36)

According to the proposed amended complaint filed in connection with the defendant's earlier

motion to amend, the plaintiffs are retaining documents taken from the defendant's premises and owned

by the defendant notwithstanding the defendant's demand for their return.  In their original motion papers

the defendant spoke of copies and stressed that certain of the documents were confidential in nature.

They did not stress in their motion papers that some of the documents retained by the plaintiffs are

original documents or the only copies in existence.  However, I see now that the word "original" did

appear in paragraph 3 of the concluding paragraph of the motion to amend and also in paragraph C of the

proposed counterclaim's plea for relief.[1]  Additionally, counsel did assert during telephone conferences

that the plaintiffs possessed the only copies of certain documents.  These assertions were overlooked in

the June 30th order and, in fact, that order was based on a "manifest error of fact."  D. Me. Loc. R. 7(g).  I

---

[1]      The defendant's latest pleading indicates much more clearly, in its factual recitals, a dispute over the custody of original documents.  (Second Am. Ans. and Counterclaim ¶ 25, ECF No. 34:  "On information and belief, Plaintiffs also removed other items of LDAM's property, including, without limitation, original confidential documents and information (including some documents that were the only copies in LDAM's possession custody or control), from LDAM premises, and retained such property for their own personal benefit.")

mistakenly conceived of the case as involving a set of copies and had not considered the presence of "original" or "unique" documents when making my assessment of the legal viability of the proposed claim of conversion.  Based on the allegations concerning retention of original and unique documents, the proposed counterclaim of conversion sets forth a plausible claim.  The defendant may assert this counterclaim against both plaintiffs.

The defendant also requests that I reconsider my earlier termination of its request for a preliminary injunction.  The second amended answer and counterclaim the defendant filed (ECF No. 24) includes a second count against Dena Winslow for injunctive relief.  The recitals associated with the second count include a recitation of the preliminary injunction standard (likelihood of success, irreparable injury, etc.).  Additionally, the defendant has included a greatly expanded plea for final injunctive relief.

Since May 31, 2013, a consent confidentiality order has been in place in this case.  (ECF No. 24.) The form language found in the "scope" section of that order is sufficient to apply protection to the materials that are the subject of the plea for injunctive relief.  The plaintiffs have produced the documents in discovery and the defendant has made it clear that it designates the documents confidential. Additionally, I addressed in a May 31 telephone conference the defendant's concern over the plaintiffs' possible retention of certain documents that might not have been disclosed to the defendant.  (Report of Tele. Conf. and Order, ECF No. 25.)  In the order associated with the conference, I set forth a procedure for the defendant to use interrogatories to identify the documents in the plaintiffs' possession by June 14, 2013, and indicated that the defendant would provide a privilege log for privileged and/or irrelevant documents.  (Id. at 1-2.)  I noted, based on representations made by counsel for the defendant, that a request for a temporary restraining order was withdrawn under these circumstances and that there was no perceived need for an immediate hearing.  (Id. at 2.)  Lastly, I ordered as follows, to preserve the defendant's rights:

> Until further order of the court, all documents produced by the plaintiffs that were the subject of the TRO will be subject to the confidentiality order and shall not be disseminated in any way by either party. Once the issues surrounding the production of those documents have been resolved, the documents relevant to this litigation will be stamped as confidential according to the terms of the confidentiality order, anticipating

that once the irrelevant documents have been segregated from the universe of documents produced, not all relevant documents will be entitled to confidential status. HOWEVER, ABSENT AGREEMENT BY THE PARTIES, OR FURTHER ORDER OF THIS COURT, NO DOCUMENT PRODUCED BY PLAINTIFFS IS TO BE USED OR DISSEMINATED FOR ANY PURPOSE OUTSIDE OF THIS LITIGATION UNTIL THE ISSUES RELATED TO IRRELEVANT AND CONFIDENTIAL DOCUMENTS HAVE BEEN RESOLVED.

(Id. 2-3.)

To date, the defendant's showing related to the need for injunctive relief has been focused entirely on the issue of the confidential status and possible unique/original status of certain documents, without an articulation of any imminent harm other than interference with the defendant's alleged right to have possession.  Given this picture, I do not see any need for a preliminary injunction because I see no immediate prospect for irreparable injury.  I made this same assessment in my order of June 20:

> I am not issuing any recommendation in regard to the preliminary injunction motion at this time because I am satisfied that the entry of the consent confidentiality order insures that neither party is about to suffer irreparable injury as a result of this contretemps over the documents. I am further satisfied that without additional discovery and clarification of the issues, the defendant/proposed counterclaim plaintiff is unable to establish a likelihood of success on the merits against Winslow on the one substantive count which I have allowed to proceed on the counterclaim. This claim, based on the information currently available, would not support the issuance of an injunction requiring the "return" of all copies of all documents, some of which might legitimately be in either Winslow or Vaughn's possession for the purposes of this litigation. Therefore the entry will be that the motion for a preliminary injunction is terminated, subject to the defendant/proposed counterclaim plaintiff's right to proceed with a counterclaim that requests permanent injunctive relief commensurate with the claim and the right to refile a new motion for a preliminary injunction after further discovery, if it is able to show that such preliminary relief is necessary even in light of the consent confidentiality order.  Hopefully the destruction or return of those specific irrelevant and/or privileged documents which have been identified by the defendant will be accomplished in short order pursuant to the discovery orders I have already entered.  In the event the defendant/proposed counterclaim plaintiff believes an earlier hearing on a motion for preliminary injunction is needed after it has completed preliminary discovery, it may refile such a motion, narrowly targeted to the claims raised in its amended answer/counterclaim and accordingly directed at the appropriate defendant(s). I note however that much of the injunctive relief requested in the prayer for relief attached to the counterclaim has either been addressed in my previous discovery orders or can be addressed in the context of specific discovery disputes concerning the documents.

(Am. Order at 5-6, ECF No. 33.)

Although one of the grounds for denying a preliminary injunction hearing no longer holds true (that there is no viable claim of conversion), I still perceive that the issues related to confidentiality and

4

the retention of originals, accepting for purposes of pleading that originals are in the plaintiffs'

possession, can be addressed by the court in the context of pretrial discovery conferences and orders, as

initially contemplated on May 31.  If the defendant believes otherwise, it may, as previously indicated,

file a renewed motion for preliminary injunction that sets forth the facts as they have developed in light of

my prior order respecting disclosure and the development of a privilege log.  My termination of the earlier

motion for preliminary injunction still stands and, consequently, the motion for reconsideration is granted

in part only.

**B.      Motion to Dismiss Counterclaim (ECF No. 35)**

The plaintiffs move to dismiss the counterclaim filed by the defendant following my June 20

order.  They note that my order allowed only a count for breach of fiduciary duty against Dena Winslow

and a modified request for injunctive relief.  The plaintiffs say that the second amended answer and

counterclaim is unclear whether it is being advanced against Yolanda Vaughn.  They also complain that

the counterclaim is written in the language of preliminary injunctive relief rather than in language

requesting permanent (post-trial) injunctive remedies.  (Mot. to Dismiss Counterclaim, ECF No. 35.)

In light of my order on the defendant's motion for reconsideration, I see nothing improper in the

defendant's inclusion of an extensive plea for injunctive relief in its counterclaim.  On the other hand,

there is no reason for the defendant to incorporate a *motion* for preliminary injunction in the body of its

counterclaim, as it has in paragraphs 46 through 49 of its second amended answer and counterclaim.  (Nor

is it necessary to assert a separate count in order to obtain injunctive relief.)  If the defendant wishes to go

forward with a preliminary injunction motion based on the circumstances that presently exist in relation to

document retention, it shall file a new order that identifies the circumstances as they have developed since

the issuance of my May 31 report and order and my June 20 amended order.  In making its election, the

defendant should consider whether its concerns can be adequately addressed in the context of pretrial

discovery orders, without the need for a preliminary injunction motion.

The plaintiffs' request for dismissal of the counterclaim based on its inclusion of references to

Yolanda Vaughn is denied in light of my reconsideration of the defendant's motion to amend.  The

counterclaim of conversion may be advanced against both plaintiffs and in this context the allegations concerning Vaughn are both claim-specific and plausible. The defendant is granted leave to file a third amended answer and counterclaim that includes the claim of conversion in count II. The defendant should omit from its pleading a preliminary injunction styled "count," but may request injunctive relief against the plaintiffs in its plea for relief. This in no way precludes the defendant from pursuing a preliminary injunction. The defendant may pursue a preliminary injunction through an independent motion, filed pursuant to Rule 7(b) and Rule 65(a) of the Federal Rules of Civil Procedure, should it conclude that such a motion is necessary in light of developments subsequent to my prior orders. The plaintiffs' motion "to dismiss" is denied as moot because it is, in effect, a further objection to the defendant's request for leave to amend its answer and counterclaim.[2]

## C.    Amended Order

This order amends the order of June 20, 2013 (ECF No. 33) on defendant's motion for leave to amend. The prior order denying leave to include a counterclaim of conversion (on futility grounds) was based on a manifest error of fact. The defendant's allegations are sufficient to state a plausible counterclaim of conversion against the plaintiffs. In all other respects, the June 30, 2013, order remains in effect. The defendant has leave to file a third amended answer and counterclaim by August 16, 2013.

CERTIFICATE

Any objections to this report shall be filed in accordance with Federal Rule of Civil Procedure 72.

***So Ordered.***

August 6, 2013                                  /s/ Margaret J. Kravchuk
                                               U.S. Magistrate Judge

---

[2]    Because this order reconsiders my prior order on defendant's motion to amend and grants leave to amend, I treat the plaintiffs' "motion to dismiss" as a non-dispositive motion/objection and rule by means of an order rather than offering a recommended decision for de novo review.