UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DENA WINSLOW, ET AL., | ) |
| | ) |
| PLAINTIFFS | ) |
| | ) |
| v. | )  CIVIL NO. 1:13-CV-32-DBH |
| | ) |
| LEARNING DISABILITIES | ) |
| ASSOCIATION OF MAINE, | ) |
| | ) |
| DEFENDANT | ) |

### DECISION AND ORDER ON PLAINTIFFS' MOTION TO DISMISS COUNT IV OF COMPLAINT AND MOTION TO REMAND

The plaintiffs have moved to dismiss their only federal claim in this lawsuit. (Diversity of citizenship is missing.) Simultaneously, they have moved to remand the case to Maine state court, from which the defendants removed it on account of the federal claim. Pls.' Mot. to Dismiss Count IV of Complaint and to Remand the Remaining Claims to Superior Court (ECF No. 59). The defendant agrees that the federal claim should be dismissed[1] (indeed, it says that it will move for summary judgment on that claim). But the defendant objects to the motion to remand, arguing that it amounts to improper forum-shopping, inefficient use of judicial resources, and unfairness. Def.'s Opp'n to Pls.' Mot. at 7-8 (ECF No. 64).

Whether I grant the motion to dismiss (which is unopposed) or later grant the defendant's proposed motion for summary judgment on the only

---

[1] "Although [the defendant] opposes Plaintiffs' Motion to Remand, it steadfastly maintains that Plaintiff Winslow's claim under the federal Stored Communications Act is baseless." Def.'s Opp'n to Pls.' Mots. at 2 n.1 (ECF No. 64).

federal claim, the question of remand is unavoidable.  Under the supplemental jurisdiction statute, the court "may decline to exercise supplemental jurisdiction over a claim" when the court "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  That is the case here.  Although it is true that discovery has been completed in this federal forum and that the Magistrate Judge and I have presided over discovery and scheduling issues, we have not engaged substantively in the case.  The remaining claims and counterclaims involve state law questions, and are more appropriately treated in state court.  The fact that discovery has been completed here does not mean that significant burden, cost and prejudice have been unnecessarily incurred.  I do not consider the timing of the motion to be improper.  (If it were solely forum-shopping, it likely would have occurred soon after removal.)  I would perform the same analysis and reach the same result if this were the consequence of granting the defendant's motion for summary judgment on the federal claims.

Therefore, Count IV (the federal claim) is **DISMISSED WITH PREJUDICE**, and the remainder of the case is **REMANDED** to the Maine Superior Court (Aroostook County).

**SO ORDERED.**

**DATED THIS 27TH DAY OF JANUARY, 2014**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**